UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAUL AYALA,

          Plaintiff,

v.                       Case No. 14-CV-479

MILWAUKEE COUNTY SHERIFFS DEPARTMENT, et al.,

          Defendants.

# ORDER

Paul Ayala, proceeding pro se, initiated this action on April 28, 2014. (ECF No. 1.) The court subsequently recruited counsel to represent Ayala on a pro bono basis. (ECF No. 31.)

Currently pending before the court is the defendants' motion for summary judgment. (ECF No. 33.) The response submitted by pro bono counsel on behalf of Ayala concedes every legal and factual assertion of the defendants and fails to point to any specific dispute of material fact that precludes summary judgment. Moreover, the response makes no effort to address, and in fact concedes, what the defendants allege is a fundamental defect in the complaint filed by Ayala pro se: the lack of a named defendant against whom a plausible claim for relief lies. Further, the additional

proposed findings of fact submitted by Ayala's recruited counsel, in contravention of the Federal Rules of Civil Procedure and this court's local rules, fails to support each factual assertion with a specific citation to the record. In short, the motion for summary judgment is effectively unopposed.

Ordinarily, a client is responsible for the actions of his attorney. However, in this case, the court recruited Attorney Ann Bowe to represent Ayala. It would therefore be unfair to rule on the defendants' effectively-unopposed motion for summary judgment without first affording Ayala time to file his own opposition to the motion (including filing an amended complaint if it is determined that such is necessary to name a defendant against whom relief may be sought) or to request that the court recruit a new attorney to represent him. *See Stevens v. Navistar Int'l Transp. Corp.*, 210 F. Supp. 2d 1031, 1032-33 (N.D. Ill. 2002) (citing *Lewis v Lane*, 811 F.2d 1165, 1170 (7th Cir. 1987)).

**ORDER**

**IT THEREFORE ORDERED** that on or before **July 31, 2015** Ayala may: (a) personally submit his own response to the defendants' motion for summary judgment, (b) seek leave to file an amended complaint, or (c) request that the court recruit a new attorney to represent him in this matter. If the court finds that additional briefing or other scheduling is necessary following Ayala's response, it will promptly issue an order.

**IT IS FURTHER ORDERED** that if Ayala fails to respond to the court by **July 31, 2015**, the court shall resolve the defendants' motion for summary judgment based upon the current record.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this order to Ayala at the address he most-recently provided to the court.

**IT IS FURTHER ORDERED** that the jury trial currently set for August 17, 2015 is **cancelled** and will be rescheduled.

Dated at Milwaukee, Wisconsin this 30th day of June, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge